**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**NORMAN TROY LYNCH, JR.,**            :

          **Plaintiff**            :      **CIVIL ACTION NO. 3:18-2044**

      **v.**            :            **(JUDGE MANNION)**

**AUDREY GRINELL DUCASSE,**            :

          **Defendant**            :

## MEMORANDUM

Pending before the court is plaintiff's motion for partial summary judgment (Doc. 19) and defendant's cross-motion for partial summary judgment (Doc. 21). Upon review of the record, plaintiff's motion will be **GRANTED** to the extent discussed herein and defendant's motion will be **DENIED**.

By way of relevant background, on July 23, 2018, plaintiff filed a one-count complaint in the Court of Common Pleas of Luzerne County alleging that defendant was negligent in relation to an incident wherein defendant shot plaintiff in the neck on February 28, 2017 with a Springfield 9mm handgun. Defendant removed the action to this court on October 19, 2018 based upon diversity jurisdiction. (Doc. 1).

On November 1, 2019, plaintiff filed a motion for partial summary judgment, along with a statement of material facts (Doc. 19), and a brief in

support thereof (Doc. 20). Defendant responded on November 15, 2019 by filing a combined brief in opposition to plaintiff's motion for partial summary judgment and cross-motion for partial summary judgment.[1] (Doc. 21). Plaintiff filed a reply brief and response to defendant's cross-motion for partial summary judgment on November 27, 2019. (Doc. 23).

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*,477 U.S. 242, 248 (1986); *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the

---

[1] The time for filing dispositive motions passed on November 1, 2019. Plaintiff has indicated he has no objection to the untimeliness of defendant's cross-motion. Although the court does not condone the filing of untimely motions, the court will consider defendant's motion in this instance in order to clear the record.

truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*,139 F.3d 386, 393 (3d Cir. 1998) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-

movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23; *Jakimas v. Hoffman-LaRoche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

The summary judgment standard does not change when the parties have filed cross-motions for summary judgment. *Applemans v. City of Phila.*,826 F.2d 214, 216 (3d Cir. 1987). When confronted with cross-motions for summary judgment, as in this case, "the court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the summary judgment standard." *Marciniak v. Prudential Financial Ins. Co. of America*, 2006 WL 1697010, at *3 (3d Cir. June 21, 2006) (citations omitted) (not precedential). If review of cross-motions reveals no genuine issue of material fact, then judgment may be entered in favor of the party deserving of judgment in light of the law and undisputed facts. *Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 302 (3d Cir. 1998) (citation omitted). *See Nationwide Mut. Ins. Co. v. Roth*, 2006 WL 3069721, at *3 (M.D. Pa. Oct. 26, 2006) aff'd, 252 Fed. App'x. 505 (3d Cir. 2007).

In conjunction with plaintiff's motion for partial summary judgment, plaintiff has submitted a separate supporting statement of material facts.

Contrary to L.R. 56.1, plaintiff's separate statement of facts does not contain appropriate record citations. Some record citations are, however, presented in the facts section of plaintiff's supporting brief. Also contrary to L.R. 56.1, defendant has failed to file a proper response to plaintiff's statement of material facts. In considering plaintiff's motion, only those facts presented by plaintiff which are properly supported by record citations and which are not inconsistent with other evidence of record[2] will be deemed admitted.

With the above in mind, on February 27, 2017, plaintiff and defendant drove from New York City to Hanover Township, Pennsylvania. The purpose of the trip was to surprise plaintiff's sister, Narissa Lynch, for her birthday.

---

[2] Upon review of the record, the court has discovered some inconsistencies between the evidence cited by plaintiff in support of his statement of material facts and other evidence of record. For example, plaintiff's statement of facts provides that, in the early morning hours of February 28, 2017, plaintiff, his sister and defendant were all in the bedroom of his sister's apartment. While they were in the bedroom, defendant, who was under the influence of alcohol and marijuana, picked up plaintiff's gun and began waving it around. At some point, defendant pointed the gun in the direction of plaintiff and caused the gun to fire striking plaintiff in the neck. (Doc. 19, p. 3, ¶¶10-12, 15-16). Despite this representation of the facts, plaintiff testified at his deposition that he was sleeping alone in a locked bedroom when he heard a noise. Upon startling from the noise, plaintiff testified that he was immediately shot by defendant. (Doc. 21, Ex. A, pp. 100-06). It is not the province of the court to determine which of these factual scenarios is credible. As such, even if unopposed, any of plaintiff's statements with inconsistent evidence in the record will not be deemed admitted herein.

Accompanying plaintiff and defendant on the trip from New York was Johanna DeJesus, plaintiff's mother.

Plaintiff was the owner of a properly registered 9mm Springfield handgun, which he had with him at his sister's apartment in Hanover, Pennsylvania. Sometime after arriving at Ms. Lynch's apartment, plaintiff removed the magazine from the gun and placed the gun in his sister's bedroom. A bullet remained in the chamber of the gun after plaintiff removed the magazine.

As previously noted, while the exact circumstances of the incident are conflicting, it is undisputed that on February 28, 2017, defendant shot plaintiff in the neck with plaintiff's 9mm handgun. As a result of the incident, defendant was charged with one count of aggravated assault, 18 Pa.C.S. §2702, two counts of simple assault, 18 Pa.C.S. §2701[3], and one count of recklessly endangering another person, 18 Pa.C.S. §2705[4]. (Doc. 19, Ex. C). On April 28, 2018, defendant entered a plea of guilty to one count of simple

---

[3] Title 18 Pa.C.S. §2701 provides that "[a] person is guilty of simple assault if he . . . negligently causes bodily injury to another with a deadly weapon." 18 Pa.C.S. §2701(a)(2).

[4] Title 18 Pa.C.S. §2705 provides "[a] person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. §2705.

assault and the charge of recklessly endangering another person. In doing so, defendant admitted that she "negligently caused bodily injury to [plaintiff] with a deadly weapon, which was a Springfield 9mm handgun" and that she "recklessly engaged in conduct which placed or may have placed [plaintiff] in danger of death or serious bodily injury." (Doc. 19, Ex. B). Factually, defendant admitted:

1. On or about February 28, 2017, she and [plaintiff] were at a residence at 303 Hanover Village in Hanover Township, Luzerne County, PA.

2. She had possession of a Springfield 9mm handgun.

3. The handgun did not have its magazine in it at the time, but there was a bullet in the chamber.

4. She negligently and/or recklessly engaged in conduct that caused the gun to discharge while in her possession.

5. The bullet struck [plaintiff] in the neck, causing bodily injury.

(Doc. 19, Ex. B, pp. 6-7).

In his motion for partial summary judgment, plaintiff argues that, in light of defendant's conviction, defendant is barred by the doctrine of collateral estoppel from contesting either negligence or causation. Plaintiff on the other hand argues that there is not full issue preclusion because the criminal

charge was based on a guilty plea, and courts have questioned entering

judgment based solely on the collateral estoppel effect of guilty pleas.

In considering plaintiff's argument, the Full Faith and Credit Act states

that:

> [t]he records and judicial proceedings of any court of any
> such State, Territory or Possession . . . shall have the same full
> faith and credit in every court within the United States and its
> Territories and Possessions as they have by law or usage in the
> courts of such State, Territory or Possession from which they are
> taken.

28 U.S.C. §1738. In other words, the Act requires "federal courts to give the

same preclusive effect to a state-court judgment as would the courts of the

State rendering the judgment." *Minnick v. City of Duquesne*, 65 F. App'x 417,

420 (3d Cir. 2003) (quoting *McDonald v. City of West Branch*, 466 U.S. 284,

287 (1984)). "The federal court, in determining the collateral estoppel effect

of a state court proceeding, should apply the law of the state where the

criminal proceeding took place . . ." *Grier v. Scorpine*, 2008 WL 655865, at

*5 n.1 (W.D.Pa. 2008) (quoting *Anela v. City of Wildwood*, 790 F.2d 1063,

1068 (3d Cir.1986)). *See Monroe v. Mullooley*, 2012 WL 4056075, at *2

(W.D. Pa. Sept. 14, 2012).

Under Pennsylvania law, where the criminal proceeding took place

relating to this action, "a conviction from a guilty plea is equivalent to a

conviction from a trial-by-jury." *DiJoseph v. Vuotto*, 968 F.Supp. 244, 247

(E.D.Pa. 1997) (citing *Commonwealth v. Mitchell*, 535 A.2d 581, 585 (Pa. 1987)). Moreover, "[o]perative facts necessary for criminal convictions are admissible as conclusive facts in civil suits arising from the same events and circumstances." *DiJoseph v. Vuotto*, 968 F.Supp. 244, 247 (E.D.Pa. 1997) (citing *Folino v. Young*, 568 A.2d 171, 172 (Pa. 1990)); *Mitchell*, 535 A.2d at 585 (citing *Commonwealth ex. rel. Walls v. Rundle*, 198 A.2d 528 (Pa. 1964)). A defendant may not subsequently "deny that which was established by his criminal conviction, without proof that his conviction was procured by fraud, perjury or some manner of error now sufficient to upset the conviction itself." *Mitchell*, 535 A.2d at 585 (quoting *Hurt v. Stirone*, 206 A.2d 624, 626 (Pa. 1965)). *See also Shaffer v. Smith*, 673 A.2d 872, 874 (Pa. 1996) (In Pennsylvania, "it is well established that a criminal conviction collaterally estops a defendant from denying his acts in a subsequent civil trial."). There is nothing on the record before this court that would suggest defendant's guilty plea was procured by fraud, perjury or other improper manner. Therefore, the facts underlying defendant's guilty plea may be used to establish the operative facts in this civil case. *Mitchell*, 535 A.2d at 584-85. *See also Domitrovich v. Monaca*, 2010 WL 3489137, at *4-5 (W.D.Pa. Sept.1, 2010) (citing *M.B. ex rel. T.B. v. City of Philadelphia*, 128 Fed. App'x 217, 226 (3d Cir. 2005) ("Furthermore, in Pennsylvania, 'criminal convictions

are admissible in civil actions arising from the same operative facts and circumstances [and] these convictions are conclusive evidence of the criminal acts.'") (other citations omitted)). *See Doe v. Allegheny Cty.*, 2013 WL 1290686, at \*7 (W.D. Pa. Mar. 27, 2013).

Defendant's guilty plea is an admission to each one of the following facts:

1. On or about February 28, 2017, she and [plaintiff] were at a residence at 303 Hanover Village in Hanover Township, Luzerne County, PA.

2. Defendant had possession of a Springfield 9mm handgun.

3. The handgun did not have its magazine in it at the time but there was a bullet in the chamber.

4. Defendant negligently and/or recklessly engaged in conduct that caused the gun to discharge while in her possession.

5. The bullet struck [plaintiff] in the neck, causing bodily injury.

In Pennsylvania each of these facts, by virtue of defendant's guilty plea, is established and accepted as if determined by a jury. Therefore, under Pennsylvania law, the above facts established by the record in defendant's guilty plea are conclusive and may not be disputed. *See Monroe v. Mullooley*, *supra.*

Because defendant would be collaterally estopped from denying these facts in a Pennsylvania court, she is collaterally estopped from denying or otherwise controverting these facts in this court. *Allen v. McCurry*, 449 U.S. 90, 96 (1980); *Anela v. City of Wildwood*, 790 F.2d 1063, 1068 (3d Cir. 1986) ("The federal court, in determining the collateral estoppel effect [in a federal court case] of a state court proceeding, should apply the law of the state where the criminal proceeding took place"). Accordingly, for purposes of plaintiff's motion for partial summary judgment, the court deems the facts established in plaintiff's guilty plea colloquy to be uncontroverted and, indeed, uncontrovertible. *See*, *e.g.*, *Marche v. Parrachak*, 2000 WL 1507403, at *1 (E.D.Pa. Oct. 10, 2000) ("While I view the evidence in a light most favorable to [defendant] on this summary judgment motion, I am also mindful that [defendant] has pled guilty to armed bank robbery. In [defendant's] guilty plea colloquy, Assistant U.S. Attorney Robert Calo summarized the facts leading up to the bank robbery. The plea court asked [defendant] if he disputed or denied the operative facts behind the plea. As [defendant] stood by, his attorney answered, 'No, no.' [Defendant] does not now, nor could he, deny his role in the bank robbery. Therefore, I take as true the operative facts underlying the plea . . .") (citations omitted), aff'd 276 F.3d 578 (3d Cir. 2001) (Table).

While defendant is estopped from denying the above facts in this case, the court will not enter judgment against defendant as to liability at this time because defendant has the right to present a defense. It is clear from defendant's filings that she intends to present the defense of comparative negligence. That brings the court to defendant's cross-motion for partial summary judgment. In support of defendant's cross-motion for summary judgment, defendant has provided a statement of material facts, a vast majority of which are admitted by plaintiff.[5] These facts demonstrate that plaintiff was the owner of the 9mm handgun that was involved in this matter. Plaintiff purchased the gun for security reasons. When plaintiff purchased the gun, he was provided the gun manual, which provided all information on how to put the gun together, load the gun, and information on the trigger and safety mechanisms. The gun's magazine held eight rounds of ammunition, and the gun had the capability of holding one bullet in the chamber. The gun could be loaded with the magazine removed.

On the day in question, plaintiff removed the magazine from the gun and placed it on the dresser in his sister's bedroom. Plaintiff testified at his

---

[5] Again, the court notes that, contrary to L.R. 56.1, defendant has failed to provide record citations in the statement of material facts. However, record citations are provided in defendant's supporting brief.

*(footnote continued on next page)*

deposition that he agreed that one should always keep and carry a firearm with an empty chamber until you intend to shoot the firearm so it cannot be fired unintentionally.[6] Plaintiff further agreed that removing the magazine does not unload the gun, nor does it engage the safety. Plaintiff testified that he never places a round in the chamber.

Defendant argues that the undisputed facts demonstrate that plaintiff was the cause of the harm he suffered such that she is entitled to summary judgment on her defense of comparative negligence and the only issue remaining is whether plaintiff's negligence was greater than 50%. Despite defendant's argument, there are material issues of fact concerning the exact circumstances surrounding the incident at hand which preclude summary judgment on defendant's comparative negligence claim. As such, the court will deny defendant's cross-motion for partial summary judgment.

---

[6] Plaintiff denied this statement. Although defendant cites to page 73 of the plaintiff's deposition in support of this statement, the testimony is actually found at page 90. (Doc. 21, Ex. A, p. 90). Because this is plaintiff's testimony and there is no contrary or inconsistent evidence of record, the court accepts the fact as undisputed.

An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 30, 2020**
18-2044-01