THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NORMAN TROY LYNCH, JR., :
:
    Plaintiff, :
: 3:18-CV-2044
    v. : (JUDGE MARIANI)
:
AUDREY GRINELL DUCASSE, :
:
    Defendant. :

## MEMORANDUM OPINION

### I. INTRODUCTION

On October 19, 2018, Plaintiff Norman Troy Lynch, Jr. initiated the above-captioned single-count Complaint alleging negligence by Defendant Audrey Grinell Ducasse arising out of injuries sustained by Plaintiff as a result of Defendant's possession and discharge of a handgun on or about February 28, 2017. (Doc. 1-1).

On June 30, 2020, District Court Judge Malachy E. Mannion granted in part Plaintiff's partial motion for summary judgment and denied Defendant's cross-motion for summary judgment (Docs. 24, 25). In granting in part Plaintiff's motion for partial summary judgment, Judge Mannion found that:

> Defendant's guilty plea [in state court] is an admission to each one of the following facts:
>
> > 1. On or about February 28, 2017, she and [plaintiff] were at a residence at 303 Hanover Village in Hanover Township, Luzerne County, PA.

      2. Defendant had possession of a Springfield 9mm handgun.

      3. The handgun did not have its magazine in it at the time but there was a bullet in the chamber.

      4. Defendant negligently and/or recklessly engaged in conduct that caused the gun to discharge while in her possession.

      5. The bullet struck [plaintiff] in the neck, causing bodily injury.

(Doc. 24, at 10).

Nonetheless, the Court explained that although "defendant is estopped from denying the above facts in this case, the court will not enter judgment against defendant as to liability at this time because defendant has the right to present a defense." (*Id.* at 12). Additionally, because of the existence of "material issues of fact concerning the exact circumstances surrounding the incident at hand", the Court denied summary judgment on defendant's "comparative negligence claim." (*Id.* at 13).

On August 26, 2020, this action was re-assigned to the undersigned. Trial is currently scheduled to commence on June 21, 2023. (Doc. 118).

Presently before the Court is Plaintiff's Motion *in Limine* to Preclude Evidence or Argument that Defendant Acted Reasonably and was not Negligent (Doc. 28).

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods.*

*Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### III. ANALYSIS

Plaintiff's Motion *in Limine* to Preclude Evidence or Argument that Defendant Acted Reasonably and was not Negligent (Doc. 28) requests that this Court preclude "any evidence, testimony, or argument before the jury that Defendant Audrey Grinell Ducasse was not negligent and/or acted reasonably." In response, Defendant argues that "Plaintiff is attempting to prevent Defendant from amounting [*sic*] any sort of defense at the time of trial." (Doc. 46, at 3).

Following the incident at issue in this action, Defendant Ducasse was criminally charged in state court and pleaded guilty to one count of simple assault and one count of recklessly endangering another person. As set forth, *supra*, in granting in part Plaintiff's motion for summary judgment, the Court held that Defendant Ducasse is estopped in the present civil action from denying the facts underlying her guilty plea, including but not limited to the fact that "Defendant negligently and/or recklessly engaged in conduct that caused the gun to discharge while in her possession" and that "[t]he bullet struck [plaintiff] in the neck, causing bodily injury" (*see* Doc. 24, at 10).

As both parties properly acknowledge, Defendant is entitled to present evidence of comparative negligence on the part of Lynch at the time of trial. (*See* Doc. 29, at 3; Doc.

46, at 3). Nonetheless, the Court's memorandum opinion granting in part Plaintiff's motion for summary judgment precludes argument or testimony by Defendant that she herself was not negligent, as well as attempts to elicit testimony from the Defendant, or other witnesses, to show that Defendant was not negligent or that her conduct was not the cause of the discharge of the handgun in her possession, the bullet from which struck Lynch. Although Ducasse has the right to present evidence in support of her defense of comparative negligence, and her culpability may be reduced by evidence of Plaintiff's own actions or inactions, Defendant cannot deny her own negligence as that issue has been previously determined and is no longer in dispute for purposes of trial.[1]

---

[1] The Court notes that although Defendant opposes Plaintiff's present *in limine* motion, Defendant has admitted that her own negligence is not in dispute in her responses to other *in limine* motions. (*See e.g.*, Doc. 47, at 4 (Defendant stating that she "does not dispute that she was negligent in shooting Plaintiff, but the issue of Plaintiff's comparative negligence in causing the subject shooting is the core of the dispute."); Doc. 43, at 5 (Defendant acknowledging that "[t]he issue of Plaintiff's comparative negligence in causing the subject shooting is the very core of this dispute.")). Furthermore, at the pre-trial conference held in this action on June 9, 2023, when asked by the Court, Defendant agreed to Plaintiff's proposed special verdict form, wherein the jury would be directed that it must answer "Yes" to Questions 1 and 2, specifically whether Defendant was negligent and whether Defendant's negligence was a factual cause of any harm to Plaintiff.

## IV. Conclusion

For the forgoing reasons, Plaintiff's Motion *in Limine* to Preclude Evidence or Argument that Defendant Acted Reasonably and was not Negligent (Doc. 28) will be granted as set forth herein. A separate Order follows.

Robert D. Mariani
United States District Judge