THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NORMAN TROY LYNCH, JR.,  :
            :
  Plaintiff,     :
            : 3:18-CV-2044
  v.       : (JUDGE MARIANI)
            :
AUDREY GRINELL DUCASSE,  :
            :
  Defendant.   :

## MEMORANDUM OPINION

### I. INTRODUCTION

On October 19, 2018, Plaintiff Norman Troy Lynch, Jr. initiated the above-captioned single-count Complaint alleging negligence by Defendant Audrey Grinell Ducasse arising out of injuries sustained by Plaintiff as a result of Defendant's possession and discharge of a handgun on or about February 28, 2017.  (Doc. 1-1).

On June 30, 2020, District Court Judge Malachy E. Mannion granted in part Plaintiff's partial motion for summary judgment and denied Defendant's cross-motion for summary judgment (Docs. 24, 25).  In granting in part Plaintiff's motion for partial summary judgment, Judge Mannion found that:

> Defendant's guilty plea [in state court] is an admission to each one of the following facts:
>
> > 1. On or about February 28, 2017, she and [plaintiff] were at a residence at 303 Hanover Village in Hanover Township, Luzerne County, PA.

2. Defendant had possession of a Springfield 9mm handgun.

3. The handgun did not have its magazine in it at the time but there was a bullet in the chamber.

4. Defendant negligently and/or recklessly engaged in conduct that caused the gun to discharge while in her possession.

5. The bullet struck [plaintiff] in the neck, causing bodily injury.

(Doc. 24, at 10).

Nonetheless, the Court explained that although "defendant is estopped from denying the above facts in this case, the court will not enter judgment against defendant as to liability at this time because defendant has the right to present a defense." (*Id.* at 12). Additionally, because of the existence of "material issues of fact concerning the exact circumstances surrounding the incident at hand", the Court denied summary judgment on defendant's "comparative negligence claim." (*Id.* at 13).

On August 26, 2020, this action was re-assigned to the undersigned. Trial is currently scheduled to commence on June 21, 2023. (Doc. 118).

Presently before the Court is Plaintiff's Motion *in Limine* to Preclude Evidence of Other Civil Lawsuits (Doc. 36).

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods.*

*Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom*.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  Nevertheless, a

"trial court should exclude evidence on a motion in limine only when the evidence is clearly

inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406.

Further, while motions in limine may serve as a useful pretrial tool that enables more

in-depth briefing than would be available at trial, a court may defer ruling on such motions "if

the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707

(E.D. Pa. 2012).  Indeed, "motions in limine often present issues for which final decision is

best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506,

518 n.10 (3d Cir. 1997).  Thus, certain motions, "especially ones that encompass broad

classes of evidence, should generally be deferred until trial to allow for the resolution of

questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v.*

*Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013).  Moreover, "*pretrial*

Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the

potential relevance of evidence for Rule 403 purposes until it has a full record relevant to

the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859

(3d Cir. 1990) (emphasis in original).

Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## III. ANALYSIS

Plaintiff's Motion *in Limine* to Preclude Evidence of Other Civil Lawsuits (Doc. 36) requests that this Court preclude "any evidence, testimony, argument and/or other reference to the existence of other civil lawsuits filed by Plaintiff, Norman Troy Lynch, Jr.".

Although Plaintiff's *in limine* motion requests preclusion of all other civil lawsuits filed by him, Plaintiff's supporting brief only references one lawsuit: *Lynch v. Geisinger Wyoming Valley Medical Center, et al*, CCP Luzerne County No. 2018-01123, wherein Lynch filed a lawsuit against his health care providers "alleging that he sustained injuries (including the development of stage IV pressure sores) as a result of negligent medical care and treatment for his T3 paralysis." (Doc. 37, at 2).  Plaintiff asserts that "[t]he events and injuries that gave rise to Mr. Lynch's lawsuit against Geisinger, and the fact that it has been resolved, have absolutely no relevance to any claim or defense at issue in the instant case [and that] even if the other lawsuit were of any marginal relevance, any probative value is substantially outweighed by the danger of unfair prejudice." (*Id*.).  In turn, Defendant argues that other lawsuits, such as the *Geisinger* lawsuit, go to the issue of damages, including "how Plaintiff's damages may have been furthered by other outside factors rather than the alleged negligence [by] Defendant." (Doc. 44, at 3).  Defendant further represents that Plaintiff's

4

lawsuit against Geisinger, and other defendants, "seeks virtually identical damages to those being sought in this lawsuit." (*Id*.).

Under the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless otherwise provided by the Constitution, federal statute, Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. Even if the Court deems the relevant evidence to be admissible, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

Here, the parties have only provided the brief descriptions of the *Geisinger* lawsuit as set forth above. Plaintiff's motion fails to attach a copy of the state court Complaint, and the Court is unaware of the specific bases of the claims set forth therein, including the asserted underlying facts, and the bases for the damages requested. Although the state court action was resolved through confidential binding arbitration (*see* Doc. 37, at 2), it is unknown whether the resolution of the action has any bearing on the issue of damages which will be presented at trial. As a consequence, the Court is unable to ascertain what relevance that

lawsuit may have to the present action, if any, or what portions or aspects of that case may be admissible, if at all.[1]

## IV. CONCLUSION

For the forgoing reasons, Plaintiff's Motion *in Limine* to Preclude Evidence of Other Civil Lawsuits (Doc. 36) will be reserved until time of trial.  This ruling, however, does not alter the parties' responsibility to raise their objections at the appropriate time at trial, if warranted in light of the evidence adduced by that time.  A separate Order follows.


Robert D. Mariani
United States District Judge

---

[1] The Court notes that Plaintiff offers that "[t]o the extent that Defendant wishes to cross-examine Plaintiff or another witness using deposition testimony or other evidence from the Geisinger case, that testimony or evidence can be referenced", but argues that it should be done "without mention of the case itself."  (Doc. 37, at 3 n. 1).