THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NORMAN TROY LYNCH, JR.,      :
                                     :
         Plaintiff,           :
                                     :  3:18-CV-2044
         v.                :  (JUDGE MARIANI)
                                     :
AUDREY GRINELL DUCASSE,     :
                                     :
         Defendant.        :

## MEMORANDUM OPINION

### I. INTRODUCTION

On October 19, 2018, Plaintiff Norman Troy Lynch, Jr. initiated the above-captioned single-count Complaint alleging negligence by Defendant Audrey Grinell Ducasse arising out of injuries sustained by Plaintiff as a result of Defendant's possession and discharge of a handgun on or about February 28, 2017. (Doc. 1-1).

On June 30, 2020, District Court Judge Malachy E. Mannion granted in part Plaintiff's partial motion for summary judgment and denied Defendant's cross-motion for summary judgment (Docs. 24, 25). In granting in part Plaintiff's motion for partial summary judgment, Judge Mannion found that:

> Defendant's guilty plea [in state court] is an admission to each one of the following facts:
>
> > 1. On or about February 28, 2017, she and [plaintiff] were at a residence at 303 Hanover Village in Hanover Township, Luzerne County, PA.

       2. Defendant had possession of a Springfield 9mm handgun.

       3. The handgun did not have its magazine in it at the time but there was a bullet
in the chamber.

       4. Defendant negligently and/or recklessly engaged in conduct that caused the
gun to discharge while in her possession.

       5. The bullet struck [plaintiff] in the neck, causing bodily injury.

(Doc. 24, at 10).

Nonetheless, the Court explained that although "defendant is estopped from denying

the above facts in this case, the court will not enter judgment against defendant as to liability

at this time because defendant has the right to present a defense." (*Id.* at 12). Additionally,

because of the existence of "material issues of fact concerning the exact circumstances

surrounding the incident at hand", the Court denied summary judgment on defendant's

"comparative negligence claim." (*Id.* at 13).

On August 26, 2020, this action was re-assigned to the undersigned. Trial is

currently scheduled to commence on June 21, 2023. (Doc. 118).

Presently before the Court is Plaintiff's Motion *in Limine* to Preclude Evidence of

Children in his Sister's Home (Doc. 30).

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial

on the admissibility and relevance of certain forecasted evidence." *United States v.*

*Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to

rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods.*

*Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom*.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  Nevertheless, a

"trial court should exclude evidence on a motion in limine only when the evidence is clearly

inadmissible on all potential grounds."  *Tartaglione*, 228 F. Supp. 3d at 406.

Further, while motions in limine may serve as a useful pretrial tool that enables more

in-depth briefing than would be available at trial, a court may defer ruling on such motions "if

the context of trial would provide clarity."  *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707

(E.D. Pa. 2012).  Indeed, "motions in limine often present issues for which final decision is

best reserved for a specific trial situation."  *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506,

518 n.10 (3d Cir. 1997).  Thus, certain motions, "especially ones that encompass broad

classes of evidence, should generally be deferred until trial to allow for the resolution of

questions of foundation, relevancy, and potential prejudice in proper context."  *Leonard v.

Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013).  Moreover, "*pretrial*

Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the

potential relevance of evidence for Rule 403 purposes until it has a full record relevant to

the putatively objectionable evidence."  *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859

(3d Cir. 1990) (emphasis in original).

3

Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### III. ANALYSIS

Plaintiff's Motion *in Limine* to Preclude Evidence of Children in his Sister's Home (Doc. 30) requests that this Court preclude "any evidence, testimony, argument and/or other reference before the jury to the presence of children in Plaintiff's sister's home at the time of the incident in question."

Plaintiff represents that the two children of his sister, Narissa Lynch, were home on the evening of the incident at issue, "but were not in the bedroom when the shooting occurred." (Doc. 31, at 2). Defendant does not dispute that the children were not present in the bedroom at the time of the shooting but nonetheless argues that evidence of the children's presence in the home and Plaintiff's "willingness to handle a gun with minor children in the next room" are "probative to Plaintiff's carelessness and comparative fault in causing the subject incident." (*See generally,* Doc. 47; *id.* at 4).

Under the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless otherwise provided by the Constitution, federal statute, Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Relevant evidence may be

excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. Even if the Court deems the relevant evidence to be admissible, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

Here, the Court is unaware of the evidence which may be presented by either party in support of their respective positions as to the presence of children in the house on the day that Plaintiff was shot by Defendant. The Court is thus unable to determine whether any basis exists upon which relevance can be established. Although at this juncture the Court does not see the relevance of the children's presence in the house, it will reserve simply to make certain that the parties are given an opportunity to fully advance their arguments at trial in support or opposition to the admission of testimony or other evidence as to the children's presence. Thus, if Defendant attempts to elicit testimony at trial, from Plaintiff or other witness(es) with personal knowledge of the presence of Ms. Lynch's children in the home, that Plaintiff considers inadmissible or otherwise subject to proper objection, Plaintiff shall timely raise his objections, including any Rule 403 objection, at which time the Court can better evaluate the testimony's relevance, probative value, danger of unfair prejudice, and admissibility, in light of its content and purpose.[1]

---

[1] In light of the need for the Court to reserve on Plaintiff's current motion, the parties will be precluded from making reference to the presence of Ms. Lynch's children in the house during their opening statements.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff's Motion *in Limine* to Preclude Evidence of Children in his Sister's Home (Doc. 30) will be reserved until time of trial. This ruling, however, does not alter the parties' responsibility to raise their objections at the appropriate time at trial, if warranted in light of the evidence adduced by that time. A separate Order follows.

Robert D. Mariani
United States District Judge