THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NORMAN TROY LYNCH, JR.,                    :
                                           :
         Plaintiff,                        :
                                           :      3:18-CV-2044
         v.                                :      (JUDGE MARIANI)
                                           :
AUDREY GRINELL DUCASSE,                    :
                                           :
         Defendant.                        :

## MEMORANDUM OPINION

### I. INTRODUCTION

On October 19, 2018, Plaintiff Norman Troy Lynch, Jr. initiated the above-captioned single-count Complaint alleging negligence by Defendant Audrey Grinell Ducasse arising out of injuries sustained by Plaintiff as a result of Defendant's possession and discharge of a handgun on or about February 28, 2017.  (Doc. 1-1).

On June 30, 2020, District Court Judge Malachy E. Mannion granted in part Plaintiff's partial motion for summary judgment and denied Defendant's cross-motion for summary judgment (Docs. 24, 25).  In granting in part Plaintiff's motion for partial summary judgment, Judge Mannion found that:

Defendant's guilty plea [in state court] is an admission to each one of the following facts:

> 1. On or about February 28, 2017, she and [plaintiff] were at a residence at 303 Hanover Village in Hanover Township, Luzerne County, PA.
> 2. Defendant had possession of a Springfield 9mm handgun.

3. The handgun did not have its magazine in it at the time but there was a bullet in the chamber.

4. Defendant negligently and/or recklessly engaged in conduct that caused the gun to discharge while in her possession.

5. The bullet struck [plaintiff] in the neck, causing bodily injury.

(Doc. 24, at 10).

Nonetheless, the Court explained that although "defendant is estopped from denying the above facts in this case, the court will not enter judgment against defendant as to liability at this time because defendant has the right to present a defense." (*Id.* at 12). Additionally, because of the existence of "material issues of fact concerning the exact circumstances surrounding the incident at hand", the Court denied summary judgment on defendant's "comparative negligence claim." (*Id.* at 13).

On August 26, 2020, this action was re-assigned to the undersigned. Trial is currently scheduled to commence on June 21, 2023. (Doc. 118).

Presently before the Court is Plaintiff's Motion *in Limine* to Preclude Evidence Related to Alcohol and Marijuana (Doc. 32).

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom.*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012).  Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997).  Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013).  Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## III. ANALYSIS

Plaintiff's Motion *in Limine* to Preclude Evidence Related to Alcohol and Marijuana (Doc. 32) is premised on Plaintiff's belief that, in attempting to establish comparative negligence, Defendant "may argue that Plaintiff's failure to [ensure that no bullet was in the gun's chamber] was due, in part, to Plaintiff's alleged use of alcohol and marijuana that evening" (Doc. 33, at 3). Plaintiff therefore requests that the Court preclude "any evidence, testimony, or argument that either (1) Plaintiff used alcohol or marijuana on the night of the incident or (2) that the marijuana used on the night of the incident belonged to Plaintiff." (Doc. 32). Plaintiff argues that evidence of his own use of alcohol or marijuana on the night at issue, or evidence that the marijuana being smoked on the night at issue belonged to him, should be excluded as irrelevant and unduly prejudicial. (Doc. 33, at 2). In response to Plaintiff's motion, Defendant argues that evidence that Plaintiff was smoking marijuana and drinking alcohol prior to the shooting is both relevant and "directly probative of Plaintiff's comparative fault in causing the subject shooting." (Doc. 43, at 4).

Under the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissitie unless otherwise provided by the Constitution, federal statute, Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice,

4

confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. Even if the Court deems

the relevant evidence to be admissible, "[a] witness may testify to a matter only if evidence is

introduced sufficient to support a finding that the witness has personal knowledge of the

matter." Fed. R. Evid. 602.

The Third Circuit has instructed that, in an action before a federal court on the basis

of diversity of citizenship, state law applies in determining the admissibility of evidence

concerning an individual's alcohol consumption and intoxication. *Rovegno v. Geppert Bros.,*

*Inc.*, 677 F.2d 327, 329 (3d Cir. 1982). Although Pennsylvania law governs the admissibility

of such evidence, the Third Circuit has explained that Pennsylvania courts implicitly require

the same balancing of probative value and prejudicial effect required by Rule 403. *Id.*

"[W]here recklessness or carelessness is at issue, proof of intoxication is relevant,

but the mere fact of consuming alcohol is inadmissible as unfairly prejudicial unless it

reasonably establishes intoxication." *Surowiec v. Gen. Motors Corp.*, 672 A.2d 333, 336

(Pa. Super. Ct. 1996) (citing *Locke v. Claypool*, 627 A.2d 801 (Pa. Super. Ct. 1993)). *See*

*also, Coughlin v. Massaquoi*, 170 A.3d 399, 408 (Pa. 2017) ("Although evidence of the

consumption of alcohol carries the potential to prejudice the party against whom it is offered,

it has been well established . . . that such evidence is admissible in cases where careless or

reckless driving is at issue, and it will not be viewed as 'unfairly prejudicial' so long as it

reasonably establishes a degree of intoxication which proves unfitness to drive.") (internal

quotation marks omitted). Although the potential for prejudice exists as to all evidence

regarding the consumption of alcohol and drugs, "the trial court's assessment of whether

evidence of intoxication reasonably establishes the relevant finding of unfitness provides

sufficient protection against *unfair* prejudice". *Coughlin,* 170 A.3d at 409 (emphasis in

original). Thus, although not exhaustive, "objective criteria normally required to establish

intoxication include evidence of staggering, stumbling, aimless wandering, glassy eyes or

incoherent mumbling." *Locke,* 627 A.2d at 804. A party's admission that he or she was

intoxicated at the relevant time, by itself, is not sufficient to show intoxication. *See*

*Livingston v. Greyhound Lines Inc.,* 208 A.3d 1122, 1129 (Pa. Super. 2019) ("A party's

admission that he was intoxicated at the time of the accident to a degree that he could not

legally drive can satisfy these requirements [of presenting evidence that reasonably shows

intoxication and unfitness to engage in the activity at issue at the time of an accident] and is

admissible. . . However, evidence of alcohol or drug consumption, including a party's

admission of alcohol or drug consumption, must be excluded absent evidence of chemical

testing sufficient to show intoxication or other evidence of impairment at the time of the

accident either in the party's admission or from the testimony of other witnesses.") (internal

citations omitted).

Here, the limited excerpts of documents provided by the parties appear to

demonstrate Plaintiff's use of alcohol and marijuana on the day at issue but do not contain

any direct references to intoxication. Defendant repeatedly testified in her deposition that

on the day in question, she, Lynch, and others drank "Gasoline" after their arrival in

Pennsylvania and "smok[ed] weed." (Dep. of Ducasse, at 32, 37-40) (*see e.g.*, *id*. at 40 (Defendant testifying that "I did remember, like, smoking because [Plaintiff] Troy likes to smoke a lot[; s]o we was smoking back to back to back to back."). Defendant also testified that the marijuana was not hers and that Plaintiff brought it. (*Id*. at 32). Plaintiff's sister, Narissa Lynch, testified that both Lynch and Ducasse drank and smoked on the night at issue and that she knew they were smoking marijuana. (Dep. of N. Lynch, at 58-59). However, Narissa testified that, while she was not sure, she thought that Ducasse brought the marijuana from New York. (*Id*. at 59). Plaintiff also submitted selected medical records from Geisinger that he claims demonstrate that a blood alcohol test performed on Plaintiff was negative but indicating that no urine sample was obtained to run a toxicology screen for drugs. (Doc. 33, at Ex. C).[1]

In light of the very limited evidentiary record before this Court, the Court's lack of knowledge as to who will testify at trial, what testimony may be offered, and what other evidence may be presented, the Court is not in a position to rule on Plaintiff's motion as to the exclusion of evidence related to Plaintiff's consumption of alcohol and marijuana on the night of the incident.[2] At this time, the Court is unaware of the evidence which may be

---

[1] The Court will allow the introduction of records of medical tests and documentation from Geisinger upon stipulation of the parties or proper foundation evidence as to their authenticity and admissibility. Further, to the extent that a particular medical document contains test reports or diagnostic statements, interpretation of these documents requires the testimony of a qualified person.

[2] Of note, the Court at this time is unable to even determine the relevance of this evidence. Plaintiff's use of alcohol and marijuana, and possible intoxication, is relevant only to the extent that other evidence is presented that establishes a nexus between that usage and any conduct on the part of Lynch

Case 3:18-cv-02044-RDM   Document 144   Filed 06/15/23   Page 8 of 9

presented by either party in support of their respective positions as to the amount of alcohol

and/or marijuana, if any, consumed by Plaintiff, and whether this amount of alcohol and/or

marijuana and any of his actions connected therewith, establish the necessary degree of

intoxication. The Court will thus reserve ruling on Plaintiff's request to preclude evidence

related to his use of alcohol and marijuana. Should Plaintiff testify on direct examination as

to his consumption of alcohol and/or use of marijuana in the relevant time period, he shall

be subject to proper cross-examination by Defendant and possible impeachment under the

Federal Rules of Evidence. Similarly, if Defendant attempts to elicit testimony at trial, from

Plaintiff or other witness(es) with personal knowledge of the matter, that Plaintiff considers

inadmissible or otherwise subject to proper objection, Plaintiff shall timely raise his

objections, including any Rule 403 objection, at which time the Court can better evaluate the

testimony's relevance, probative value, danger of unfair prejudice, and admissibility, in light

of its content and purpose.[3]

Finally, Plaintiff Lynch argues that "the issue of whose marijuana it was also should

be excluded as irrelevant and unduly prejudicial pursuant to Rules 401 and 403" where this

issue does not go to liability and will "serve only to distract the jury and confuse the issues."

(Doc. 33, at 4). Defendant argues that "[w]hether Plaintiff owned the marijuana, and thus

---

that relates to his shooting by Ducasse. To the extent that there is no such connection, the evidence of intoxication is entirely irrelevant. This issue must await trial.

[3] The Court will conduct a hearing outside the presence of the jury to hear the objected to testimony before ruling as to its admissibility.

introduced the marijuana into the situation, is probative of whether Plaintiff was acting as [a] responsible gun owner would and his comparative fault in causing the shooting." (Doc. 43, at 6). Defendant's argument stretches the Rules of Evidence too far. Here, evidence offered to show Plaintiff's intoxication may be relevant and have probative value which is not substantially outweighed by a danger of unfair prejudice. However, the issue of who owned the marijuana is not relevant where it has no tendency to make a fact of consequence more or less probable than it would be without the evidence. Further, the probative value, if any, of evidence as to the ownership of the marijuana is not only substantially outweighed by a danger of unfair prejudice but also of confusing the issues which must be determined by the trier of fact.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff's Motion *in Limine* to Preclude Evidence Related to Alcohol and Marijuana (Doc. 32) will be reserved in part until time of trial and granted in part as set forth herein. These rulings, however, do not alter the parties' responsibility to raise their objections at the appropriate time at trial, if warranted in light of the evidence adduced by that time. A separate Order follows.

Robert D. Mariani
United States District Judge