UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Norman Troy Lynch, Jr. | CIVIL ACTION NO. 3:18-cv-02044 (JUDGE MARIANI) |
| Plaintiff, | |
| vs. | JURY TRIAL DEMANDED |
| Audrey Grinell Ducasse | |
| Defendant. | |

**PLAINTIFF'S TRIAL BRIEF**

Plaintiff, Norman Troy Lynch, Jr. suffered a catastrophic spinal cord injury when Defendant, Audrey Grinell Ducasse, negligently shot him at a social gathering on February 28, 2017, while she was under the influence of both marijuana and alcohol. Mr. Lynch, who was just 23 years old at the time, was left paralyzed below the mid-torso. Mr. Lynch filed suit against Ms. Ducasse seeking damages for the enormous harm that he has suffered, both economic and non-economic. In accordance with this Court's pretrial Order dated February 22, 2023, and United States District Court for the Middle District of Pennsylvania Local Rule 39.7, Plaintiff submits this Trial Brief outlining the applicable law and evidence that he intends to be present.

**A.    APPLICABLE LAW**

As a court sitting in diversity (*see* 28 U.S.C. § 1332(a)), Pennsylvania law provides the substantive law governing this case. *SodexoMAGIC, LLC v. Drexel University*, 24 F.4th 183, 204 (3d Cir. 2022). Plaintiff is required to prove duty, breach of duty, causation and damages by a preponderance of the evidence. *Scampone v. Highland Park Care Center, LLC*, 57 A.3d 582, 596 (Pa. 2012).

**1. Liability**

Pennsylvania Standard Civil Jury Instruction 13.10 sets forth what Mr. Lynch must prove to establish duty and breach of duty:

> A person must act in a reasonably careful manner to avoid harming others. The care required varies according to the circumstances and the degree of danger at a particular time.
>
> You must decide how a reasonably careful person would act under the circumstances established by the evidence in this case. A person who does something a reasonably careful person would not do under the circumstances is negligent. A person also can be negligent by failing to act.
>
> A person who fails to do something a reasonably careful person would do under the circumstances is negligent.

PA SSJI (Civ.) 13.10.

Pennsylvania Standard Civil Jury Instruction 13.20 defines Mr. Lynch's burden as to causation:

> In order for Plaintiff to recover in this case, Defendant's negligent conduct must have been a factual cause in bringing about harm. Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. To be a factual cause, the conduct must have been an actual, real factor in causing the harm, even if the result is unusual or unexpected. A factual cause cannot be an imaginary or fanciful factor having no connection or only an insignificant connection with the harm.
>
> To be a factual cause, Defendant's conduct need not be the only factual cause. The fact that some other causes concur with Defendant's negligence in producing an injury does not relieve Defendant from liability as long as her own negligence is a factual cause of the injury.

PA SSJI (Civ.) 13.20.

Ms. Ducasse argues that Mr. Lynch was contributorily negligent and that his negligence bars him from recovering damages. Defendant has the burden of proving Plaintiff's negligence and that any such negligence was a substantial factor in his injury. *Polett v. Public Communications, Inc.*, 126 A.3d 895, 932-933 (Pa. 2015). If both the defendant and the plaintiff are found causally negligent, the jury must "decide how much each party's negligence contributed to the plaintiff's injury," stating "each party's share of the negligence in the form of a percentage." PA SSJI (Civ.) 13.200. Plaintiff's damages will be reduced by the percentage of fault that the jury assigns to him, unless that percentage exceeds 50%, in which case Plaintiff cannot recover. *Id.*; *see also* 42 Pa. C.S. § 7102(a).

**2. Damages**

Under Pennsylvania law, Mr. Lynch may recover damages for past and future economic loss and non-economic loss. Plaintiff's economic damages include both lost earnings (and earning capacity) and medical expenses, past and future. *See* PA SSJI (Civ.) 7.00 through 7.40, 7.110-7.120. Plaintiff's non-economic loss includes all four categories of compensable harm: (1) pain and suffering; (2) embarrassment and humiliation; (3) loss of ability to enjoy the pleasures of life; and (4) disfigurement. PA SSJI (Civ.) 7.130; *see also* Pa. R. Civ. P. 223.3. In considering the appropriate award for noneconomic losses, the jury should be instructed to:

> consider the following factors: (1) the age of the plaintiff; (2) the severity of the injuries; (3) whether the injuries are temporary or permanent; (4) the extent to which the injuries affect the ability of the plaintiff to perform basic activities of daily living and other activities in which the plaintiff previously engaged; (5) the duration and nature of medical treatment; (6) the duration and extent of the physical pain and mental anguish that the plaintiff has experienced in the past and will experience in the future; (7) the health and physical condition of the plaintiff prior to the injuries; and (8) in the case of disfigurement, the nature of the disfigurement and the consequences for the plaintiff.

PA SSJI (Civ.) 7.130.

## B. PLAINTIFF'S LIABILITY CASE

### 1. Summary of Evidence

On February 27, 2017, Mr. Lynch and Ms. Ducasse drove from New York City to Pennsylvania to surprise Mr. Lynch's sister, Narissa Lynch, for her birthday. Ms. Lynch resided at 303 Hanover Village, Hanover Township, Pennsylvania, 18706. Mr. and Ms. Lynch's mother, Johanna DeJesus, accompanied Mr. Lynch and Ms. Ducasse on the trip. Ms. Ducasse was a friend of Mr. Lynch, Ms. Lynch and Ms. DeJesus. Ms. DeJesus attended the surprise gathering but left and went home before the events at issue.

Mr. Lynch was the lawful owner of a properly registered 9 mm Springfield handgun, and he had the gun with him at his sister's apartment. At some point during the evening, Mr. Lynch removed the magazine from the gun and placed the gun in his sister's bedroom, but there was still one bullet in the chamber.

In the early morning hours of February 28, 2017, Mr. Lynch, Ms. Lynch and Ms. Ducasse were all in the bedroom of Ms. Lynch's apartment with a movie on. Over the course of the evening, Ms. Ducasse both drank alcohol and smoked marijuana. At approximately 1:30 a.m. on February 28, 2017, Ms. Ducasse picked up Mr. Lynch's gun and began waving it around. She testified that she picked the gun up because "just stupid me…stuff like in the moment, I guess, being under the influence and stuff." Deposition of Audrey Grinell Ducasse dated September 10, 2019 ("Ducasse dep."), at 54. At some point after picking up the gun and waving it around, she pointed it in Mr. Lynch's direction and negligently caused the gun to fire, striking Mr. Lynch in the neck and causing a catastrophic spinal cord injury. *Id.* at 52-58.

4

The Luzerne County District Attorney charged Ms. Ducasse with multiple offenses arising from her conduct. At a hearing on April 23, 2018, before The Honorable Michael T. Vough, Ms. Ducasse pled guilty to the crimes of Simple Assault (18 Pa. C.S. § 2701)[1] and Recklessly Endangering Another Person (18 Pa. C.S. § 2705)[2]. At her guilty plea hearing, Ms. Ducasse admitted that "on or about February 28, 2017, [she] negligently caused bodily injury to Norman Lynch with a deadly weapon, which was a Springfield 9mm handgun." Transcript of Guilty Plea and Sentencing in Com. v. Ducasse, Luzerne County CCP, Criminal Action No. 1674 of 2017, dated April 23, 2018, at 6. She admitted further that she "recklessly engaged in conduct which placed or may have placed [Mr. Lynch] in danger of death of serious bodily injury." *Id.* As a factual basis for her guilty plea, Ms. Ducasse admitted to these facts:

- On or about February 28, 2017, she and Mr. Lynch were at a residence at 303 Hanover Village in Hanover Township, Luzerne County, PA.
- She had possession of a Springfield 9 mm handgun.
- The handgun did not have its magazine in it at the time but there was a bullet in the chamber.
- She negligently and/or recklessly engaged in conduct that caused the gun to discharge while in her possession.
- The bullet struck Mr. Lynch in the neck, causing bodily injuries.

---

[1] "A person is guilty of simple assault if he… negligently causes bodily injury to another with a deadly weapon." 18 Pa. C.S. § 2701(a)(2).

[2] "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa. C.S. § 2705.

After a colloquy to ensure that Ms. Ducasse knew and understood her rights and was pleading guilty voluntarily, the Court accepted her guilty plea and sentenced her accordingly. *Id.* at 7-8. Ms. Ducasse reaffirmed her guilty plea at her deposition, acknowledging that she told the truth at her guilty plea hearing. *See* Ducasse dep. at 90.

On June 30, 2020, the Honorable Malachy E. Mannion[3] granted Plaintiff's Motion for Partial Summary Judgment "to the extent that defendant is estopped from denying or otherwise controverting in this case facts established in Pennsylvania criminal conviction proceedings." *See* Order dated June 30, 2020 (Doc. 25). In the accompanying Memorandum (Doc. 24), the Court held:

> Defendant's guilty plea is an admission to each one of the following facts:
>
> 1. On or about February 28, 2017, [Ms. Ducasse and Mr. Lynch] were at a residence at 303 Hanover Village in Hanover Township, Luzerne County, PA.
>
> 2. [Ms. Ducasse] had possession of a Springfield 9 mm handgun.
>
> 3. The handgun did not have its magazine in it at the time but there was a bullet in the chamber.
>
> 4. [Ms. Ducasse] negligently and/or recklessly engaged in conduct that caused the gun to discharge while in her possession.[4]
>
> 5. The bullet struck Mr. Lynch in the neck, causing bodily injuries.
>
> In Pennsylvania each of these facts, by virtue of defendant's guilty plea, is established and accepted as if determined by a jury. Therefore, under Pennsylvania law, the above facts established by

---

[3] Judge Mannion recused himself when Defendant changed counsel shortly before the original trial date, and the case was reassigned to this Court.

[4] In her Pretrial Memorandum (Doc. 83), Defendant omits the words "negligently and/or recklessly" when acknowledging the facts that she "concedes" based on the Court's summary judgment opinion. *See id.* at 3.

> the record in defendant's guilty plea are conclusive and may not be disputed. [Citation omitted.]
>
> Because defendant would be collaterally estopped from denying these facts in a Pennsylvania court, she is collaterally estopped from denying or otherwise controverting these facts in this court. [Citation omitted.]

*Id.* at 10-11.

To prove the above, Plaintiff intends to call Ms. Ducasse as on cross and Mr. Lynch and then, if necessary, Ms. Lynch, Ms. DeJesus, Mr. Marte, and/or the responding and investigating officers.

### 2. Liability Contentions

Mr. Lynch claims that Ms. Ducasse is civilly liable to him for the same basic reasons that she admitted her criminal liability, and Mr. Lynch seeks damages to compensate him for his permanent, catastrophic injuries. Pursuant to the Court's summary judgment decision, Ms. Ducasse is estopped from denying either that she was negligent or that her negligence was a factual cause of harm to Plaintiff.[5] Defendant's guilty plea conclusively establishes these elements of Mr. Lynch's case, and the only liability issues for the jury to decide are whether Ms. Ducasse can prove that Mr. Lynch's was causally negligent and, if so, the percentage of causal negligence attributable to Mr. Lynch. *See* Memorandum dated June 30, 2020 (Doc. 24) (declining to enter judgment as to liability against Defendant only because she intends to present the defense of comparative negligence). If the jury finds that Mr. Lynch was causally negligent, the jury will reach damages unless it finds that he bears more than 50% responsibility for his injuries.

---

[5] To the extent that Defendant has any intention of seeking to deny her negligence in violation of the Court's Order, Plaintiff has filed a motion *in limine* seeking to preclude any attempt to do so. *See infra.*

B.     **PLAINTIFF'S DAMAGES CLAIMS**

Mr. Lynch suffered an American Spinal Injury Association B spinal cord injury at T3 secondary to the gunshot wound. Mr. Lynch was rendered completely and permanent paralyzed in both legs, suffered complete and permanent loss of sensation below T3 (nipple line), and he sustained multiple additional serious injuries such as neurogenic bowel and bladder, and neuropathic pain from abdomen to toes. He has endured numerous lengthy hospitalizations and inpatient rehabilitation admissions, along with prolonged periods of confinement to bed at home. He has enormous future medical needs over the course of his anticipated life expectancy.

Prior to this devastating injury, Plaintiff was healthy and active. He was 23 years old and was working two jobs (as both an armed security guard and an inventory manager at PepsiCo-Gatorade), to help support his young daughter. Plaintiff therefore has a substantial lost earnings capacity claim as well.

Mr. Lynch himself will testify regarding his injuries, as may his mother and sister, but Plaintiff will also call three experts to prove his very considerable damages claims:

1. S. Ross Noble, M.D., a physical medicine and rehabilitation/spinal cord injury physician from West Reading, PA will testify regarding Mr. Lynch's injuries and damages, including his non-economic harm.

2. Elizabeth Anne McGettigan, RN-BC, CNLCP, a life care planner from Downingtown, PA, will testify regarding Mr. Lynch's current and future medical care needs.[6]

3. David L. Hopkins, ASA, MAAA, an actuarial-economic expert from King of Prussia, PA, will testify regarding Mr. Lynch's past and future lost earning capacity and the cost of his future medical expenses as projected by Nurse McGettigan. Specifically, Mr. Hopkins will testify that (a) his loss of past and future earnings and earning capacity is between $1,978,055 and $3,101,663 and (b) his estimated future medical expenses are between $9,681,930 and $18,231,381.

---

[6]     Plaintiff is obtaining updated lien amounts from Medicare and Medicaid for past medical expenses.

Defendant did not produce reports from any damages experts. Plaintiff's expert reports will be presented to the jury without live testimony from Plaintiff's experts.

**C.    OTHER LEGAL ISSUES**

Plaintiff timely filed five motions in *limine* that are fully briefed and await decision:

- Plaintiff's Motion in *Limine* to Preclude Evidence or Argument that Defendant Acted Reasonably and Was Not Negligent (Doc. 28);
- Plaintiff's Motion in *Limine* to Preclude Evidence of Children in His Sister's Home (Doc. 30);
- Plaintiff's Motion in *Limine* to Preclude Evidence Related to Alcohol and Marijuana (Doc. 32)
- Plaintiff's Motion in *Limine* to Preclude Defendant Expert's Hearsay Statements During Gun Inspection (Doc. 34); and
- Plaintiff's Motion in *Limine* to Preclude Evidence of Other Civil Lawsuits (Doc. 36).

Defendant did not file any motions *in limine*. On June 15, 2023, the Honorable Robert D. Mariani granted Plaintiff's Motion *in Limine* to Preclude Evidence or Argument that Defendant Acted Reasonably and Was Not Negligent and granted, in part, Plaintiff's Motion *in Limine* to Preclude Evidence Related to Alcohol and Marijuana to the extent that Defendant is precluded from introducing evidence that the marijuana used on the night in question belonged to Mr. Lynch. Judge Mariani also reserved ruling on the other aspect of that particular motion in *limine* with respect to whether Mr. Lynch actually used marijuana or alcohol on the night in question. Judge Mariani also ruled that, should either party intend to present evidence of alcohol or drug use by either party, the request should be made to the Court outside the presence of the jury. Additionally,

Judge Mariani reserved ruling on two additional motions, Plaintiff's Motion in *Limine* to Preclude Evidence of Children in His Sister's Home and Plaintiff's Motion *in Limine* to Preclude Evidence of Other Civil Lawsuits. Plaintiff's Motion in Limine to Preclude Defendant Expert's Hearsay Statements During Gun Inspection was rendered moot as Defendant will not call this expert at the time of trial.

                                                            Respectfully submitted,

Dated: June 19, 2023                BY:     *[signature]*
                                                          COLIN JAMES BEISEL, ESQUIRE
                                                          DAVID J. CAPUTO, ESQUIRE
                                                          YOUMAN & CAPUTO, LLC
                                                          Two Logan Square
                                                          100-120 N. 18th Street, No. 1925
                                                          Philadelphia, PA 19103
                                                          ***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I, Deva Yeatman, Paralegal to Colin James Beisel, counsel for plaintiff, certify that on this date, a copy of Plaintiff's Trial Brief was served via the Court's E-Filing System upon the following counsel for Defendant:

> Lawrence A. Katz, Esquire
> Christian Colon, Esquire
> Licardo Gwira, Esquire
> **LENTO LAW GROUP, P.C.**
> 1650 Market Street, Suite 3600
> Philadelphia, PA 19103
> Attorneys for Defendant,
> Audrey Grinell Ducasse

Date: June 19, 2023

_____
Deva Yeatman, Paralegal to
COLIN JAMES BEISEL