THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NORMAN TROY LYNCH, JR., :
:
    Plaintiff, :
: 3:18-CV-2044
    v. : (JUDGE MARIANI)
:
AUDREY GRINELL DUCASSE, :
:
    Defendant. :

## MEMORANDUM OPINION AND ORDER

On June 21, 2023, a jury trial commenced in the above-captioned action. Plaintiff's counsel called two witnesses: Plaintiff Norman Troy Lynch, Jr. and Defendant Audrey Grinell Ducasse. During Plaintiff's direct examination of Ms. Ducasse, Defendant's counsel requested a side bar conference where he indicated, for the first time in these proceedings, that English is not Defendant's first language, and therefore requested that the Court appoint an interpreter. The Court denied this motion. At the conclusion of Plaintiff's direct examination of Ms. Ducasse, Defendant's counsel reserved cross-examination and stated that he would call Ms. Ducasse in his case-in-chief. Presently before the Court is Defendant's renewed Motion for a Spanish/English Interpreter (Doc. 149).

Citing to The Court Interpreters Act, 18 U.S.C. § 1827, Defendant's motion asserts that "Federal law mandates the appointment of an interpreter under the circumstances of this case" (Doc. 149, ¶¶ 11, 12). This conclusion is incorrect.

In relevant part, the Court Interpreters Act mandates the appointment of an interpreter where the presiding judicial officer determines that a party "speaks only or primarily a language other than the English language . . . so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer, or so as to inhibit such witness' comprehension of questions and the presentation of such testimony." 28 U.S.C. § 1827(d)(1). However, this mandatory provision only requires the presiding judicial officer to appoint an interpreter "in judicial proceedings instituted by the United States." *Id*. The Act states that:

> "judicial proceedings instituted by the United States" as used in this section refers to all proceedings, whether criminal or civil, including pretrial and grand jury proceedings (as well as proceedings upon a petition for a writ of habeas corpus initiated in the name of the United States by a relator) conducted in, or pursuant to the lawful authority and jurisdiction of a United States district court.

18 U.S.C. § 1827(j). In light of this definition, Courts have repeatedly interpreted the Act as not applying to civil cases where the United States is not a party to the action. *See e.g. Anderson v. State Bar of Cal.*, 908 F.2d 976 (9th Cir. 1990) (unpublished table decision) (finding the Act inapplicable to a civil case initiated by a private plaintiff and determining that Court had "no duty to inquire as to the need for an interpreter or to appoint one if needed"); *Motto v. City of Union City*, 177 F.R.D. 308, 310 (D.N.J. 1998) (finding the Act inapplicable to trial testimony in a civil case); *Westcoast Ground Servs., Inc. v. Allegro Gp., Inc.*, 2020 WL 4927576, * 1 (E.D. Pa. 2020) (finding defendant in civil suit "has no right to an interpreter" and noting that defendant, prior to requesting an interpreter at an evidentiary

hearing had engaged in "extensive English language interactions with the Court and Plaintiffs' counsel" during a prior telephone conference); *Fang v. Dofar*, 2019 WL 315036, *10 (N.D.N.Y. 2019) ("the Court Interpreter's Act does not apply to civil cases between private parties."); *In re Morrison*, 22 B.R. 969, 970 (Bankr. N.D. Ohio 1982) (finding no entitlement to court provided interpreting services in bankruptcy case "'initiated' by the Debtors . . . not by the United States."). As a result, Defendant's assertion that this Court must appoint an interpreter pursuant to § 1827 is without legal support.

Finally, although Defendant was in no way prohibited from privately retaining her own interpreter should she have chosen to do so, Defendant's current motion appears to be a blatant attempt to disrupt the trial proceedings and delay the continuation of trial. Here, Ms. Ducasse testified at trial that she was raised in New York City. (*See also*, Dep. of Ducasse, P-16, at 15 (stating that she has lived at an address on Madison Avenue in New York City "all my life")). The record does not reflect that she used, or requested, an interpreter during her interview with the police following the shooting at issue in this case, during her initial appearance or guilty plea and sentencing proceedings in the state court criminal action related to the shooting, or during her deposition previously taken in the case. Furthermore, the Court has had the opportunity to observe and communicate with Ms. Ducasse on several occasions. On February 22, 2023, the Court held a telephone status conference with counsel for the parties and Ms. Ducasse to address Defendant's counsel's motion to withdraw. At that time, Defendant Ducasse responded appropriately to each of

the Court's questions and exhibited an understanding of the proceedings and her need to obtain new counsel for trial. Further, throughout Ms. Ducasse's direct examination at trial, although stating that she was "confused" on several occasions, she demonstrated a clear ability to understand and answer Plaintiff's counsel's questions and her "confusion" was remedied by Plaintiff's re-phrasing of several questions.  Defendant also responded to each of Plaintiff's counsel's questions in often lengthy detail, and in full and grammatically correct sentences.  The Court finds no basis for Defendant's counsel's sudden assertion that his client does not adequately comprehend or speak English such that an interpreter is needed at this late stage in the proceedings.

**ACCORDINGLY, THIS 22ND DAY OF JUNE, 2023, IT IS HEREBY ORDERED THAT** Defendant's renewed Motion for a Spanish/English Interpreter (Doc. 149) is **DENIED**.

_____
Robert D. Mariani
United States District Judge