UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN TROY LYNCH<br><br>        Plaintiff,<br>v.<br><br>AUDREY GRINELL DUCASSE<br><br>        Defendant. | CIVIL ACTION No. 3:18-CV-02044<br><br>JUDGE ROBERT D. MARIANI |

**ORDER**

**AND NOW**, this _____ day of _____, 2023, upon consideration of the Plaintiff's Motion to Mold the Verdict to Add Delay Damages Pursuant to Pennsylvania Rule of Civil Procedure 238, and any Response in Opposition thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**. It is hereby Ordered as follows:

1. Plaintiff is entitled to have delay damages added to the amount of compensatory damages for the period of time from September 25, 2019 to June 23, 2023 at the annual rate of 8.50%.

2. Delay damages in the amount of $982,873 are hereby added to the compensatory damages verdict amount of $3,087,500, and thus the verdict is molded to $4,070,373.

3. Judgment is entered in favor of the Plaintiff in the amount of $4,070,373, and post-judgment interest will accrue at the rate of 8.50% per annum.

BY THE COURT:

_____
THE HONORABLE ROBERT D. MARIANI

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN TROY LYNCH | CIVIL ACTION No. 3:18-CV-02044 |
| Plaintiff, | JUDGE ROBERT D. MARIANI |
| v. | |
| AUDREY GRINELL DUCASSE | |
| Defendant. | |

## NOTICE TO DEFENDANT

**You are hereby notified to file a written answer to the attached Motion for Delay Damages within twenty (20) days from the filing of the Motion or the delay damages sought in the motion may be added to the verdict or decision against you.**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN TROY LYNCH | CIVIL ACTION No. 3:18-CV-02044 |
| Plaintiff, | JUDGE ROBERT D. MARIANI |
| v. | |
| AUDREY GRINELL DUCASSE | |
| Defendant. | |

**PLAINTIFF'S MOTION TO MOLD THE VERDICT TO ADD DELAY DAMAGES TO THE VERDICT PURSUANT TO PENNSYLVANIA RULE OF CIVIL PROCEDURE 238**

Plaintiff, Norman Troy Lynch ("Mr. Lynch"), by and through his attorneys, Youman & Caputo, LLC, hereby submits the instant Motion to Add Damages for Damages for Delay to the Verdict Pursuant to Pennsylvania Rule of Civil Procedure 238. In support thereof, Plaintiff avers as follows:

1. This is a personal injury action in which Mr. Lynch was negligently and recklessly shot by the Defendant, Audrey Grinnell Ducasse, at a social gathering in Hanover Township, Pennsylvania on February 28, 2017. Mr. Lynch is now a paraplegic.

2. Plaintiff's Complaint was filed in the Court of Common Pleas of Luzerne County, Pennsylvania on July 23, 2018, and was thereafter served on the Defendant on September 25, 2018. A true and accurate copy of Plaintiff's Affidavit of Service is attached hereto as Exhibit "A."

3. On October 26, 2018, Defendant removed this action to the United States District Court for the Middle District of Pennsylvania.

4. On July 19, 2022, the parties advised the Court that an agreement in principle had been reached to resolve the case. The next day, the Court entered an Order [ECF Doc. 100] dismissing the case without prejudice and giving the parties 60 days to consummate the settlement

and, if not consummated within that time, to file a motion a motion either to extend this time or to reinstate the case.

5. One of the conditions of the agreement in principle to settle this case required Defendant to supply certain documentation related to her financial condition to Plaintiff.[1]

6. On September 16, 2022, the parties jointly filed a motion for extension of time to consummate the settlement on the basis that "[t]he defendant is still working on gathering the necessary documentation and, once it is produced, a representative of plaintiff will require some time to review it." See ECF No. 102, ¶6.

7. On September 19, 2022, the Court granted the parties' Motion and extended the deadline by which either to consummate the settlement or seek reinstatement until November 18, 2022. See ECF No. 103.

8. On September 22, 2022, Defendant's counsel supplied certain documentation, but it was grossly insufficient for Plaintiff and his consultant—an accountant with specific expertise in the music industry—to assess Defendant's financial condition.

9. On October 26, 2022, Plaintiff's counsel advised Defendant's counsel that additional documentation was required.

10. On November 9, 2022, Defendant's counsel moved to withdraw their appearance on the basis that Defendant was not cooperating with counsel or paying their fees. See ECF No. 104.

11. On November 15, 2022, Plaintiff moved to reinstate the case to the Court's trial list. See ECF No. 105.

---

[1] Defendant is a recording artist who performs under the stage name "Melii." According to publicly available information, she has achieved some degree of commercial success since releasing her first single in 2017.

12.     On November 23, 2022, Defendant filed a response to Plaintiff's Motion to Reinstate that proposed a procedure for effectuating the parties' settlement, including promises to produce both three years of federal tax returns (2019, 2020, and 2021) and three bank statements and/or investment account statements to Plaintiff no later than January 15, 2023. See ECF No. 106.

13.     On December 12, 2022, this Court entered an Order (a) denying Defendant's Counsel's Motion to Withdraw without prejudice in order for defense counsel to work with their client in delivering on these promises; and (b) denying Plaintiff's Motion for Reinstatement Without Prejudice. See ECF No. 107.

14.     As requested by Defendant's counsel, the Court gave Defendant until January 15, 2023 to produce both three years of federal tax returns and three bank statements and/or investment account statements to Plaintiff. Id. ¶¶ 3-4. If Defendant failed to comply with the Order, Plaintiff was granted until February 1, 2023, to file a renewed Motion for Reinstatement of Case. Id. ¶ 7.

15.     On January 16, 2023,[2] Defendant's counsel produced: (a) several months of statements for a single bank account owned by an LLC in which Defendant presumably has an ownership interest; (b) a representation that Defendant has no investment accounts; and (c) no tax returns on the basis that "Defendant needs more time to prepare and file her tax returns for the years requested."

16.     Unfortunately, Defendant's failure to comply with the Court's Order dated December 12, 2022 is consistent with the pattern that led to the parties' inability to consummate any settlement agreement, and thereafter, the Defendant failed to produce the requested financial documents, including tax returns, necessary to consummate a settlement agreement.

---

[2] January 15, 2023 was a Sunday and the next day was a federal holiday, so pursuant to Fed. R. Civ. P. 6(a)(1)(C), the deadline was January 17, 2023.

17.     Accordingly, although an agreement was made in principle to resolve this matter, that agreement was contingent upon Defendant's good faith production of financial documents, which she failed to produce, thus resulting in this matter being further delayed,

18.     On June 23, 2023, a jury of eight men and women returned a unanimous verdict in favor of the Plaintiff in the amount of $4,750,000. The jury assessed 35% comparative negligence on the Plaintiff, and thus the Court reduced the award to $3,087,500. See ECF No. 158.

19.     Pennsylvania Rule of Civil Procedure 238 provides as follows:

[1] At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a nonjury trial or in the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa.C.S. § 7361, and shall become part of the verdict, decision or award.

(2)  Damages for delay shall be awarded for the period of time from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision.

(3)  Damages for delay shall be calculated at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded, plus one percent, not compounded.

20.     Pennsylvania's Rule 238 seeks to encourage the prompt and equitable settlement of claims for personal injuries by imposing upon the defendant the obligation to engage in good faith settlement negotiations. The rule enhances plaintiff's right to be compensated promptly without resort to the full spectrum of lengthy and costly litigation. Renner v. Lichtenwalner, 513 F.Supp. 271, 272 (E.D. Pa. 1981).

21.     Awarding delay damages does not penalize defendant, for they "had an opportunity to protect themselves from exposure to delay damages by making a reasonable offer of settlement **in good faith and in a timely fashion."** Davis v. Erie Ins. Grp., 12 Pa. D. & C.4th 459, 465 (Pa. Com. Pl. 1991) citing King v. SEPTA, 383 Pa. Super. 420, 557 A.2d 11 (1989) (emphasis added).

4

22. Pennsylvania rule with respect to delay damages is applicable in diversity actions in federal court. See Fauber v. Kem Transp. & Equip. Co., Inc., 698 F.Supp. 1234 (M.D. Pa. 1988), aff'd as modified, 876 F.2d 327 (3d Cir. 1989).

23. At all times relevant hereto, Defendant engaged in a dilatory pattern and practice to avoid final resolution of this matter, and she did not engage in good faith negotiations as evidenced by her failure to produce certain documents in order to consummate settlement discussions.

24. At all times relevant hereto, Plaintiff did not cause any delay of this matter. See Rule 238 (a)(3)(ii).

25. The prime rate for 2023 is 7.50%. See Explanatory Comments to Rule 238. Thus, 8.50% is the correct figure for calculation of delay damages.

26. Accordingly, Plaintiff is entitled to have delay damages added to the amount of compensatory damages for the period of time from September 25, 2019 (one-year from the date of service of process) to June 23, 2023 (the date of the jury verdict) at the rate of 8.50%.

27. The calculations were made as follows: The daily rate on the $3,087,500 verdict for a full year at 8.50% would be $719.00 ($3,087,500 x 8.50% divided by 365). The period from September 25, 2019 to June 23, 2023 is 1,367 days. The daily rate of $719.00 x 1,367 days yields $982,873.

28. Plaintiff, therefore, requests that this Court add delay damages in the amount of $982,873 to the compensatory damages verdict amount of $3,087,500 and mold the verdict to $4,070,373.

WHEREFORE, for the reasons set forth above Plaintiff respectfully requests that the Court grant this Motion and enter an Order in the form proposed.

                                                  Respectfully Submitted,

                                                  **YOUMAN & CAPUTO, LLC**

Date:  July 3, 2023                        By:  _____
                                                  COLIN JAMES BEISEL, ESQUIRE
                                                  Attorney for Plaintiff

## CERTIFICATE OF SERVICE

     I, Colin James Beisel, Esquire, counsel for Plaintiff, certify that on this date a copy of Plaintiffs' Motion to Add Damages for Damages for Delay to the Verdict Pursuant to Pennsylvania Rule of Civil Procedure 238 was served via the Court's Electronic Filing System upon the following counsel of record:

Lawrence A. Katz, Esquire
Christian Colon, Esquire
Licardo Gwira, Esquire
**LENTO LAW GROUP, P.C.**
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Counsel for Defendant

Dated: July 3, 2023            By: _____
                                               COLIN JAMES BEISEL, ESQUIRE
                                               Counsel to Plaintiffs

# EXHIBIT "A"

# AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| **Commonwealth of Pennsylvania** | **County of Luzerne** | **Common Pleas Court** |

Case Number: 2018-08346

Plaintiff:
**NORMAN TROY LYNCH, JR.**

vs.

Defendant:
**AUDREY GRINELL DUCASSE**

For:
Andrew S. Youman

Received by STATUS, L.L.C. to be served on **AUDREY GRINELL DUCASSE, 2130 MADISON AVENUE, APT. 6E, NEW YORK, NY 10037.**

I, CHARLES FLEMMING, being duly sworn, depose and say that on the **25th day of September, 2018** at **7:25 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Praecipe to Reinstate Complaint, Civil Cover Sheet, Notice To Defend, Complaint and Verification, Re Instate the Complaint** with the date and hour of service endorsed thereon by me, to: **AUDREY GRINELL DUCASSE** at the address of: **2130 MADISON AVENUE, APT. 6E, NEW YORK, NY 10037**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 22, Sex: F, Race/Skin Color: BROWN, Height: 5'3", Weight: 135, Hair: BROWN, Glasses: N

I certify that I am over the age of 18, and a competent adult not having a direct interest in the litigation.

Subscribed and Sworn to before me on
9/27 2018 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

NOUMOU DIALLO
Notary Public, State of New York
No. 01DI6206896
Qualified in Bronx County
Commission Expires June 1, 2021

_____
CHARLES FLEMMING
Process Server

STATUS, L.L.C.
1509 Stuyvesant Avenue
Union, NJ 07083
(908) 688-1414

Our Job Serial Number: STS-2018040014
Ref: NA
Service Fee: _____

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p