THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN TROY LYNCH, JR., | : |
| Plaintiff, | : |
| | : 3:18-CV-2044 |
| v. | : (JUDGE MARIANI) |
| | : |
| AUDREY GRINELL DUCASSE, | : |
| Defendant. | : |

MEMORANDUM OPINION

I. INTRODUCTION AND PROCEDURAL HISTORY

On July 23, 2018, Plaintiff Norman Troy Lynch, Jr. filed in the Court of Common Pleas of Luzerne County the above-captioned single-count Complaint alleging negligence by Defendant Audrey Grinell Ducasse arising out of injuries sustained by Plaintiff as a result of Defendant's possession and discharge of a handgun on or about February 28, 2017. (Doc. 1-1). Defendant thereafter removed the action to federal court on October 19, 2018 on the basis of diversity jurisdiction. (Doc. 1). Following a three-day jury trial, on June 23, 2023, a jury returned a verdict in favor of Plaintiff in the amount of $4,750,000. The jury found Defendant Ducasse 65% liable and Plaintiff Lynch 35% liable and this Court therefore molded the verdict to account for Plaintiff's comparative negligence and entered judgment in favor of the Plaintiff in the amount of $3,087,500. (*See* Doc. 158).

Presently before the Court is Plaintiff's "Motion to Mold the Verdict to Add Delay Damages to the Verdict Pursuant to Pennsylvania Rule of Civil Procedure 238" (Doc. 160). Defendant timely filed a Response in Opposition to Plaintiff's Motion (Doc. 161) and Plaintiff has not filed a Reply brief. The motion is now ripe for resolution.

## II. ANALYSIS

Relying on Pennsylvania Rule of Civil Procedure 238, Plaintiff's motion asserts that he is "entitled to have delay damages added to the amount of compensatory damages for the period of time from September 25, 2019 (one-year from the date of service of process) to June 23, 2023 (the date of the jury verdict) at the rate of 8.50%." (Doc. 160, ¶ 25). Plaintiff thus requests that this Court "add delay damages in the amount of $982,873 to the compensatory damages verdict amount of $3,087,500 and mold the verdict to $4,070,373." (*Id.* at ¶ 28).

In response to Plaintiff's Motion, Defendant "recognizes that Rule 238 damages apply to this lawsuit" but challenges "the calculation presented by the plaintiff." (Doc. 161, at 1). Specifically, Defendant acknowledges that "under normal circumstances", Plaintiff's statement of the applicable time-period (September 25, 2019 to June 23, 2023) would be correct but argues that due to the COVID-19 pandemic, and the resulting suspension of proceedings in the Middle District of Pennsylvania, the 472 days during which jury trials were "prohibited" in this District should be excluded from the delay damages calculation.

(*Id.* at 1-2). Defendant does not otherwise object to the formula used by Plaintiff to calculate the delay damages.

Pennsylvania Rule of Civil Procedure 238 provides for delay damages in actions involving bodily injury, death, or property damage.[1] "Under Pennsylvania Rule of Civil Procedure 238, a prevailing plaintiff in a Pennsylvania tort action may receive what amounts to prejudgment interest on a compensatory damages award." *Weber v. GAF Corp.*, 15 F.3d 35, 36 (3d Cir. 1994). "[T]he unambiguous language of Rule 238(a)(1) requires that, 'in all civil cases wherein the plaintiff seeks monetary relief for bodily injury, delay damages shall be added to compensatory damages awarded to the plaintiff against each defendant found to be liable by the jury.'" *Tillery v. Child.'s Hosp. of Philadelphia*, 156 A.3d 1233, 1249 (Pa. Super. 2017) (quoting Pa. R. Civ. P. 238(a)(1)). Rule 238 provides for only two periods of time which may be excluded from the delay damage calculation: "(1) any periods of time after which the defendant has made a written offer of settlement, the offer is continued in effect for at least ninety days or until the commencement of trial, whichever first occurs, the offer is rejected by the plaintiff, and the plaintiff does not recover more than 125 percent of the offer; and (2) any periods of time during which the plaintiff caused delay of the trial." *King v. Se. Penn. Transp. Auth.*, 557 A.2d 11, 12-13 (Pa. Super. 1989) (internal citation and quotation marks omitted). "The drafters of [Rule 238] have not allowed for the exclusion of

---

[1] The Third Circuit "has determined that for purposes of the *Erie* doctrine [Pennsylvania Rule of Civil Procedure 238] is substantive and thus applies in federal courts sitting in diversity." *Rosen v. Rucker*, 905 F.2d 702, 705 (3d Cir. 1990) (citing *Fauber v. Kem Transp. & Equip. Co.*, 876 F.2d 327, 328 (3d Cir. 1989)).

periods of delay not caused by either party." *Id.* at 13 (internal citation and quotation marks omitted).

Under Rule 238, it is a defendant's burden to prove that the plaintiff is not entitled to delay damages. *Rosen v. Rucker*, 905 F.2d 702, 707 (3d Cir. 1990) (citing Pa. R. Civ. P. 238 (Explanatory Comment)); *see also, Sopko v. Murray*, 947 A.2d 1256, 1258 (Pa. Super. 2008) ("It is the defendant who bears the burden of proof when opposing the imposition of delay damages and may do so by establishing that (1) the requisite offer has been made or (2) the plaintiff was responsible for specified periods of delay."). "The Explanatory Comment to Rule 238 states that 'not every procedural delay is relevant to the issue of delay damages, but only such occurrences as actually cause delay of the trial." *Rosen*, 905 F.2d at 708 (quoting Pa. R. Civ. P. 238 (Explanatory Comment)).

Here, without citing a single case, Defendant argues that she "should not be penalized for the 472 days of delay caused by the once-in-a-lifetime pandemic, the worldwide closures, and the suspension of trials by this Honorable Court" and that these days "did not constitute a delay, but a complete impossibility." (Doc. 161, at 2).

Defendant's argument is unsupported by the language of Rule 238 and the case law interpreting the application of this Rule. In particular, this Court finds persuasive the Pennsylvania Superior Court's recent opinion in *Getting v. Mark Sales & Leasing, Inc.*, 274 A.3d 1251 (Pa. Super. 2022). There, a consumer brought a civil action against a rental company for personal injuries sustained in a rollover accident which involved a rented

mower. Following a jury trial, the Rental Company was found 85% liable and Plaintiff was found 15% liable. *Id.* at 1256. On appeal, the Rental Company raised a number of issues, including that the trial court erred, as a matter of law, when it imposed delay damages under Pennsylvania Rule of Civil Procedure 238, arguing that "delay damages may not be imposed during the period of judicial emergency declared by the Supreme Court [of Pennsylvania] on March 16, 2020 and extended by the Court of Common Pleas of Lycoming County until trial." *Id.* at 1261. The Superior Court of Pennsylvania rejected this argument, reasoning as follows:

> Sitting *en banc*, this Court explained the drafters of Rule 238 "specified two, and only two, periods of time to be excluded from the calculation of delay damages ...." *King v. SEPTA*, 383 Pa.Super. 420, 557 A.2d 11, 12-13 (1989) (*en banc*). Those two excluded periods are "(1) any periods of time after which the defendant has made a written offer of settlement, the offer is continued in effect for at least ninety days or until the commencement of trial, whichever first occurs, the offer is rejected by the plaintiff, and the plaintiff does not recover more than 125 percent of the offer; and (2) any periods of time during which the plaintiff caused delay of the trial." *Id.* (quoting *Miller v. Wise Bus. Forms, Inc.*, 381 Pa.Super. 236, 553 A.2d 443, 446 (1989)). Thus, we concluded that Rule 238 has "*not* allowed for the exclusion of periods of delay not caused by either party." *Id.* at 13 (emphasis in original).
>
> Here, as in *King*, the Rental Company does not contend that it made an adequate settlement offer under Pa.R.C.P. 238 or that the Gettings caused any delays in this case. Thus, the procedural posture of this case falls squarely within the ambit of Rule 238 and the precedents of this Court applying it.
>
> While Pa.R.C.P. 238 admittedly involves time calculations, calculating time is not the purpose of the Rule. The Rule's reliance upon time is merely a product of the fact that interest accrues as a factor of time. Although the Rule impacts and seeks to increase the speed at which cases in our civil system proceed, the Rule is not one of filing deadlines or of simple procedure. *See Laudenberger v. Port Auth. of Allegheny Cty.*, 496 Pa. 52, 436 A.2d 147, 151

5

> (1981) (holding that the "basic aim of [Rule 238] is to alleviate delay in the disposition of cases, thereby lessening congestion in the courts.")
>
> Instead, the Rule codifies the common-law right of plaintiffs to be fully compensated for harm that tortfeasors have inflicted upon them. *See Marrazzo v. Scranton Nehi Bottling Co.*, 438 Pa. 72, 263 A.2d 336, 337 (1970). Thus, the Supreme Court has held, "Although the award for delay of time may be 'in the nature of interest,' in reality, it is merely an extension of the compensatory damages necessary to make a plaintiff whole." *Laudenberger*, 436 A.3d at 154.
>
> COVID-19 and the judicial emergency it created did not diminish the rights of plaintiffs to be made whole, nor did they prohibit defendants from engaging in settlement negotiations or making reasonable offers to help alleviate court dockets. In fact, the Rental Company and the Gettings engaged in settlement talks *during the judicial emergency*. Thus, simply because the flow of cases had temporary [*sic*] stopped, it does not follow that all legal practice had also ceased. The Rental Company was free at all times during the judicial emergency to increase its offer to induce the Gettings to settle and thereby to avoid delay damages.
>
> Moreover, the interest on the damages was the plaintiffs' money by right, by virtue of the jury's verdict and the common-law rule of *Marrazzo, supra*. We do not read the March 18, 2020 Order of the Supreme Court as permitting tortfeasors to reap unjust windfalls from a five month delay that was clearly beyond the control of their victims. . .

*Getting*, 274 A.3d at 1261-1262. Pennsylvania Courts have repeatedly relied on the reasoning of *Getting* in determining that the time encompassed during the COVID-19 judicial emergency wherein cases were unable to proceed to trial is not precluded in calculating the amount of delay damages under Rule 238. *See e.g., Chavers v. 1605 Valley Ctr. Pky, LP*, 294 A.3d 487, 507-508 (Pa. Super. 2023) (relying on the reasoning of *Getting* in determining that the trial court did not err in granting delay damages which encompassed the time of the COVID-19 judicial emergency); *Tyler v. Hoover*, 2023 WL 2622117, *13-14

6

(Pa. Super. 2023) (applying reasoning of *Getting* with respect to delays caused by COVID-19 judicial emergency).

Where this Court agrees with the reasoning of the Pennsylvania Superior Court, and Defendant has failed to cite any case law in support of her position and failed to meet her burden of establishing that the plaintiff is not entitled to certain delay damages, the Court finds that the period of time during which trials could not occur in this District is not excludable in the calculation of delay damages. Because Defendant does not otherwise dispute the applicable time period or method of calculation of the delay damages, the Court will grant Plaintiff's request for $982,873 in delay damages.

## III. Conclusion

For the forgoing reasons, Plaintiff's "Motion to Mold the Verdict to Add Delay Damages to the Verdict Pursuant to Pennsylvania Rule of Civil Procedure 238" (Doc. 160) will be granted in its entirety and the Court will mold the verdict to reflect the addition of $982,873 in delay damages to the compensatory damages award of $3,087,500, bringing the total amount to $4,070,373.

A separate Order follows.

Robert D. Mariani
United States District Judge